1 | THOMAS P. QUINN, JR. (State Bar No. 132268)
2 | NOKES & QUINN
3 | 410 BROADWAY, SUITE 200
  | LAGUNA BEACH, CA 92651
4 | Tel: (949) 376-3500
5 | Fax:  (949) 376-3070
  | Email:  tquinn@nokesquinn.com
6 | Attorneys for Defendant EQUIFAX
7 | INC.

BY:

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

2013 NOV 19  AM 10: 17

FILED

8 |
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE
9 |

10 | MARY K. GREENLEE,                    Case No:   **ED CV 13** - **02115**   SPx
11 |                Plaintiff,                                                  VAP
12 |                                                                           BY FAX
13 | vs.                                  **DEFENDANT EQUIFAX, INC.'S**
14 | CEFCU a business entity, form        **NOTICE OF REMOVAL [Removed**
15 | unknown; EXPERIAN                    **from the Superior Court for the**
     INFORMATION SOLUTIONS, INC.,        **State of California for the County of**
16 | an incorporated entity; EQUIFAX,    **Riverside, Case No. MCC1300334]**
17 | INC., an incorporated entity;
18 | TRANSUNION INTERACTIVE, INC.,
     an incorporated entity; and DOES 1
19 | through 100, inclusive,
20 |
                     Defendants.
21 |

22 |        Defendant Equifax, Inc., an incorporated entity ("Equifax, Inc.") files this
23 | Notice of Removal of this action from the Superior Court of the State of
24 | California, Riverside County, where this action is now pending, to the United
25 | States District Court, in and for the Central District of California.  This Notice of
26 | Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof,
27 | Equifax shows this Court as follows:
28 |        1.      An action was commenced against CEFCU, Experian Information

Solutions, Inc., Equifax Inc., and TransUnion Interactive, Inc. in the Superior Court of the State of California, Riverside County, entitled *Mary Greenlee v. CEFCU, et al.*, Case No. MCC1300334 (the "State Court Action") on October 3, 2013. Plaintiff added Experian Information Solutions, Inc., Transunion Interactive, Inc., and Equifax Inc. as Defendants in the Second Amended Complaint ("Complaint") filed on October 3, 2013. Copies of the Summons and Complaint, which are the only papers that have been served upon Equifax Inc. in the State Court Action, are attached hereto as Exhibit A.

2.      Original Defendant CEFCU, was first served with Plaintiff's Summons and Original Complaint on April 2, 2013. Although the case was not removed at that time, Plaintiff has now subsequently amended her Original Complaint to add Defendants Experian Information Solutions, Inc., Transunion Interactive, Inc., Equifax, Inc., and Does 1-100. Plaintiff's Complaint was served on Experian Information Solutions, Inc. on October 23, 2013. Plaintiff's Complaint was served on TransUnion LLC, incorrectly named as Transunion Interactive, Inc. on October 17, 2013. Copies of the Summonses served on Experian Information Solutions Ins. and TransUnion LLC, incorrectly named as Transunion Interactive, Inc. are attached hereto as Exhibit B. Defendant Equifax Inc. files this notice of removal within 30 days after being served with Plaintiff's Summons. *See* 28 U.S.C. §1446(b); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 629-30 (7th Cir. 2007); *Ritchie v. Williams*, 395 F.3d 283, 287 n.2 (6th Cir. 2005).

3.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the constitution, laws or treaties of the United States; specifically under 15 U.S.C. §§1681, *et seq.*, otherwise known as the Fair Credit Reporting Act ("FCRA"), as follows:

(a)      Plaintiff alleges in the Complaint that this action is brought for damages against the Defendants for alleged violations of the provisions of the

FCRA, 15 U.S.C §1681, *et seq.* A copy of the Complaint is attached hereto as Exhibit A.

(b)     The FCRA, pursuant to 15 U.S.C. § 1681p, provides that any action alleging a violation of its provisions "may be brought in any appropriate United States district court without regard to the amount in controversy."

4.     The Defendant, Equifax Inc. was served with Plaintiff's Complaint on October 17, 2013. This Notice of Removal is being filed within the thirty (30) day time period required by 28 U.S.C. §1446(b). This Notice of Removal is filed within thirty (30) days of receipt of Plaintiff's Complaint by Equifax Inc.

5.     Defendants CEFCU, Experian Information Solutions, Inc. and TransUnion LLC, incorrectly named as Transunion Interactive, Inc., have consented to this Notice of Removal, without waiving any defenses, as evidenced by their Consents to Removal filed concurrently herewith and attached hereto as Exhibit C.

6.     The Court in which this action was commenced is within this Court's District and Division.

7.     Equifax Inc. will, promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), give written notice of the Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, Riverside County.

WHEREFORE, Equifax prays that the above-described action be removed to this Court.

///
///
///
///

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

DEFENDANT EQUIFAX, INC.'S NOTICE OF REMOVAL

1   Respectfully submitted this 18th day of November, 2013.

2

3                                    NOKES & QUINN

4

5                                    _____

6                                    THOMAS P. QUINN, JR.

7                                    Attorneys for Defendant
                                     EQUIFAX, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On November 18, 2013, I served a true copy of **EQUIFAX, INC.'S NOTICE OF REMOVAL**

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in Federal Rule of Civil Procedure 5(B);

[X]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

[ ]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

**Babak Semnar**
SEMNAR LAW FIRM, INC.
400 S. Melrose Dr., Suite 209
Vista, CA 92081

**Jared M. Hartman, Esq.**
HARTMAN LAW OFFICE, INC.
400 S. Melrose Dr., Suite 209
Vista, CA 92081
*Attorneys for Plaintiff*

**Donald E. Bradley**
MUSICK, PEELER & GARRETT LLP
650 Town Center Drive, Suite 1200
Costa Mesa, CA 92626
*Attorney for Trans Union, LLC*

///
///

1   **Eric A. Schneider**
2   **Vanessa S. Davila**
    ANDERSON MCPHARLIN & CONNERS LLP
3   444 South Flower Street, 31st Floor
4   Los Angeles, CA 90071
    *Attorneys for CEFCU*
5
6   **Corey H. Boyd**
7   JONES DAY
    3161 Michelson Drive, Suite 800
8   Irvine, CA 92612

9        I hereby certify that I am employed in the office of a member of the Bar of

10   this Court at whose direction the service was made.

11        I hereby certify under the penalty of perjury under the laws of the State of

12   California that the foregoing is true and correct.

13

14                                    _____

15                                    Alyssa K. Johnson

16   Place of Mailing:  Laguna Beach, California.

17   Executed on November 18, 2013, at Laguna Beach, California.

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Page 6 of 44      2013-09-19 22:34:46 (GMT)      18888190330  From: Babak Bob Semnar

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

"Additional Parties Attachment Form is Attached"

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

MARY K. GREENLEE,



*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 03 2013

L. FULSAAS

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: County of Riverside<br>(El nombre y dirección de la corte es): SOUTHWEST JUSTICE CENTER<br>4050 Main Street<br>Riverside, California 92501   30755-D Auld Road, Suite 1226<br>Murrieta, CA 92563 | CASE NUMBER:<br>(Número del Caso):<br>MCC1300334 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Babak Semnar Esq. SEMNAR LAW FIRM, INC. 400 S. Melrose Drive, #209, Vista, Ca 92081, 951-293-4187

| DATE: 10/3/13 | Clerk, by | L. Fulsaas | , Deputy |
|---|---|---|---|
| (Fecha) | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✓] on behalf of (specify): Equifax Inc

   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):

4. [✓] by personal delivery on (date):

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Greenlee v CEFCU | MCC 1300334 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[ ] Plaintiff    [✓] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

CEFCU, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS, INC., an incorporated entity; EQUIFAX, INC., an incorporated entity; TRANSUNION INTERACTIVE, INC., an incorporated entity; and DOES 1 through 100, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Babak Semnar (SBN 224890)
   SEMNAR LAW FIRM, INC.
2  400 S. Melrose Dr., Suite 209
   Vista, CA 92081
3  Telephone: (951) 293-4187; Fax: (888) 819-8230

4  Jared M. Hartman, Esq. (SBN 254860)
   HARTMAN LAW OFFICE, INC.
5  400 S. Melrose Dr., Suite 209
   Vista, CA 92081
6  Telephone (951) 234-0881; Fax (888) 819-8230
7
8  Attorneys for Plaintiff
   MARY K. GREENLEE
9

10            SUPERIOR COURT FOR THE STATE OF CALIFORNIA
11                    FOR THE COUNTY OF RIVERSIDE
12

13  MARY K. GREENLEE,                Case No.: MCC1300334
14          Plaintiff,
                                     [PROPOSED] SECOND AMENDED
15      vs.                          COMPLAINT FOR VIOLATIONS
                                     OF:
16                                      1. CALIFORNIA CONSUMER
17  CEFCU, a business entity, form        CREDIT REPORTING
    unknown;           EXPERIAN          AGENCIES ACT,
18  INFORMATION      SOLUTIONS,        2. FEDERAL FAIR CREDIT
    INC., an incorporated entity;        REPORTING ACT,
19  EQUIFAX, INC., an incorporated
20  entity;        TRANSUNION
    INTERACTIVE, INC., an
21  incorporated entity; and DOES 1
22  through 100, inclusive,
23          Defendant.
24

25  TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE

26  CALIFORNIA SUPERIOR COURT JUDGE:
27
28      Complainant, MARY K. GREENLEE, an Individual, by and through her

                                    1
                        Second Amended Complaint

attorneys of record, BABAK SEMNAR of SEMNAR LAW FIRM, INC. and JARED M. HARTMAN of HARTMAN LAW OFFICE, INC., hereby complains and alleges as follows.

## INTRODUCTION

1.      Mary K. Greenlee, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Defendant CEFCU in continuously reporting inaccurate information on Plaintiff's credit report to three credit reporting agencies every month since February 2009, thereby prohibiting Plaintiff from obtaining two offers of employment and one new home loan, and also for Defendant CEFCU failing to properly investigate notices of dispute received by the credit reporting agencies; and also to challenge the actions of Defendant Experian Information Solutions, Inc. (hereinafter referred to as "Experian"), Defendant Equifax, Inc. (hereinafter referred to as "Equifax"), and Defendant Transunion Interactive, Inc. (hereinafter referred to as "Transunion") for failing to conduct a reasonable investigation into Plaintiff's disputes of the misinformation upon his credit reports..

2.      This action arises out of Defendants' violations of the California Consumer Credit Reporting Act (Cal. Civ. Code §§ 1785.1-1785.36) ("California CCRA"), and the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1682-1681x) ("Federal FCRA").

3.      In California Civil Code § 1785.1(a)-(g), the California Legislature made the following findings and purpose in creating the California CCRA:

(a) An elaborate mechanism has been developed for investigating and

evaluating the credit worthiness, credit standing, credit capacity, and general reputation of consumers.

(b) Consumer credit reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(c) There is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(d) It is the purpose of this title to require that consumer credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, hiring of a dwelling unit, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.

(e) The Legislature hereby intends to regulate consumer credit reporting agencies pursuant to this title in a manner which will best protect the interests of the people of the State of California.

(f) The extension of credit is a privilege and not a right. Nothing in this title shall preclude a creditor from denying credit to any applicant providing such denial is based on factors not inconsistent with present law.

(g) Any clauses in contracts which prohibit any action required by this title are not in the public interest and shall be considered unenforceable. This shall not invalidate the other terms of such a contract.

4.    In 15 U.S.C. § 1681, the U.S. Legislature made the following findings and purpose in creating the Federal FCRA:

(a) Accuracy and fairness of credit reporting. The Congress makes the following findings:

(1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking

3

**Second Amended Complaint**

system.

(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness [creditworthiness], credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(b) Reasonable procedures. It is the purpose of this title [15 USCS §§ 1681 et seq.] to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title [15 USCS §§ 1681 et seq.].

5.     Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION & VENUE

7.     Jurisdiction of this Court is proper concerning the subject matter addressed herein, because all causes of actions arising from Defendant's violations occurred while Plaintiff resided within the boundaries of the County of Riverside, State of California, and because Plaintiff is still a resident of the County of Riverside, State of California.

4

8.     Because Defendants all conduct business within the State of California, personal jurisdiction is established.

9.     Because all tortious conduct occurred while Plaintiff resided in the County of Riverside, venue properly lies in this court.

## PARTIES & DEFINITIONS

10.    Plaintiff is a natural person whose permanent residence is in the City of Temecula, County of Riverside, State of California.

11.    Defendant CEFCU is headquartered and operates in the City of Peiro, State of Illinois, but regularly does business in the State of California.

12.    Defendant Equifax is physically located at 1550 Peachtree Street NW, , H46, in the City of Atlanta, State of Georgia, but regularly does business in the State of California and maintains a registered agent for service of process within the State of California.

13.    Defendant Experian is physically located at 475 Anton Blvd. in the City of Costa Mesa, State of California, and regularly does business in the State of California.

14.    Defendant Transunion is physically located at 555 West Adams Street in the City of Chicago, State of Illinois, but regularly does business in the State of California and maintains a registered agent for service of process within the State of California.

15.    Plaintiff is a natural person, and is therefore a "consumer" as that term is defined by Calif. Civ. Code § 1785.3(b) of the California CCRA and 15 U.S.C. §

1681a(c) of the Federal FCRA.

16. The causes of action herein pertain to Plaintiff's "consumer credit report", as that term is defined by Calif. Civ. Code § 1785.3(c) of the California CCRA and 15 U.S.C. § 1681a(d)(1) of the Federal FCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

17. Defendants Experian, Equifax, and Transunion are "consumer reporting agencies" as defined in 15 U.S.C. § 1681a(f) of the Federal FCRA and Calif. Civil Code § 1788.3(d) of the California CCRA, as they both regularly engage in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

18. Defendant CEFCU is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Calif. Civ. Code § 1785.3(j) of the California CCRA and 15 U.S.C. § 1681a(b) of the Federal FCRA.

6
**Second Amended Complaint**

## FACTUAL ALLEGATIONS

19.     At all times relevant to the Defendants' tortuous conduct, Plaintiff was an individual residing within the City of Temecula, County of Riverside, State of California.

20.     At all times relevant, all Defendants conducted business within the County of Riverside, State of California.

21.     A substantial part of the events or omissions alleged in this Complaint occurred within this judicial district, and witnesses are present within this venue.

22.     Sometime around the time period of June 2005, Plaintiff entered into a contract with Valley Credit Union to obtain re-financing on two home loans—one in the amount of $448,000 and the other in the amount of $100,000—both of which were secured by a "Deed of Trust" upon real property located at 1044 Polk Lane in the City of San Jose, County of Santa Clara, State of California.

23.     After Plaintiff was in default on these two home loans, Plaintiff completed a "short sale" contract on February 12, 2009 whereby Valley Credit Union agreed to fully release Plaintiff from these debts by furnishing all monies Plaintiff was to receive from Derek and Karen Austin upon their purchase of the real property from Plaintiff, the agreed-upon consequence of which was for Valley Credit Union to accept less than full payment as full satisfaction of Plaintiff's two home loans.

24.     Valley Credit Union continuously misrepresented on Plaintiff's credit report that these loans remained in default, and failed to accurately state on Plaintiff's

credit report that Plaintiff had actually been released from these loans via "short sale" in February 2009, and eventually began to report the accounts as being closed at a date much later than what they actually were closed.

25.     Plaintiff is informed and believes that, sometime around the time period of January 2009, Valley Credit Union was placed into receivership by the National Credit Union Association, with all their assets being assumed by Defendant CEFCU at some point thereafter.

26.     After Valley Credit Union became Defendant CEFCU, between the approximate time periods of February 2009 and on-going, they have repeatedly misrepresented on Plaintiff's credit reports that the home loans remained in default with an active balance, reported 4 additional duplicate tradelines in Plaintiff's credit file, failed to accurately state on Plaintiff's credit reports that Plaintiff had actually been released from these loans via "short sale" in February 2009, inaccurately reported the date of first delinquency, eventually began to report the accounts as being closed at a date much later than what they actually were closed, and failed to notate that Plaintiff disputed the inaccurate representations that her debt remained active.

27.     These misreportings by Defendant CEFCU have occurred every single month with three different credit reporting agencies from February 2009 and on-going.

28.     By letter dated September 24, 2009, Plaintiff was denied an offer of employment as an Independent Sales Representative with a company based in part upon the information contained in her Experian credit report.

29.     Sometime around the time period of December 2011, Plaintiff applied for employment with another company, and was told they wanted to offer her a position but had to reject her because she could not obtain licensing as an insurance agent since the information Defendant CEFCU had been repeatedly misreporting on Plaintiff's credit reports made it appear as if she was currently in default on the home loans and had never been released from liability.

30.     In January of 2013, Plaintiff applied for pre-qualification for a new home loan from California Realty & Funding, Inc., but was denied because Plaintiff's credit report reflects that Defendant CEFCU reported on Plaintiff's credit report that Plaintiff had effectuated three short sales—May 2011, February 2012, and April 2012—and Federal Housing Administration underwriting guidelines require at least three years to have passed from an applicant's most recent short sale in order to obtain pre-qualification for a home loan..

31.     In February 2009, Plaintiff discovered that Valley Credit Union had maintained its reporting to Plaintiff's credit reporting agencies that she still owed them the alleged debt despite the short-sale having just released her from liability on the alleged debt.

32.     By way of email dated January 9, 2009, Plaintiff was informed by her attorney that assisted her in effectuating the short-sale—Glenn Horan of Feldman Law Center—that Hector Espinoza (then an employee of Valley Credit Union and at some point became "Collection Manager" for Defendant CEFCU) had assured Ms. Horan that

Plaintiff's concerns about Valley Credit Union reporting the mortgage as a "charge-off" on her credit reports would be eased after the short-sale takes place and they update their reporting to reflect that the debt had been closed by way of short-sale.

33.     By way of email dated February 18, 2009, Ms. Horan informed Mr. Espinoza that Plaintiff was concerned about the "charge-off" and negative factors remaining on her credit reporting despite the short-sale, to which Mr. Espinoza replied that they would update their reporting as of the 1st of March, since the short-sale had just taken place in February.

34.     By way of email dated March 9, 2009, Plaintiff requested that Mr. Espinoza send her confirmation that the credit reporting had been updated, and informed Mr. Espinoza that the information on her credit report has remained the same despite the short-sale and despite Mr. Espinoza's assurances that the information would be updated by March 1, 2009, and also pleading for Mr. Espinoza's assistance in correcting the misinformation, to which Mr. Espinoza replied that she would have to go through the normal dispute process with the credit reporting agencies.

35.     By way of email dated January 21, 2012, subsequent to Plaintiff being denied employment in December 2011 as an insurance agent due to the misinformation reflected on her credit report appear as if she was currently in default on the home loans and had never been released from liability, Plaintiff again reached out to Mr. Espinoza to inform him of the continued misreporting of her liability on the alleged debt, to which Mr. Espinoza replied that they had received her dispute from the credit reporting

10

agencies and have updated the Valley Credit Union tradeline but also directing Plaintiff

to dispute the CEFCU tradeline, and to which Plaintiff informed Mr. Espinoza that she

did dispute the CEFCU tradeline as well and was informed by the credit reporting

agencies that they had verified that information, and to which Mr. Espinoza replied "It

is the same loan but the reporting under CEFCU is due to the fact that the valley loan is

no longer being updated. The CEFCU loan should be listed as a transfer from Valley

and reported as such with the same information.", and to which Plaintiff informed Mr.

Espinoza that the misinformation is impacting her because she will not be able to obtain

another home loan for 3 years from a reported short-sale.

     36.    Plaintiff disputed the negative information that was being continuously

misreported by both Valley Credit Union and Defendant CEFCU (subsequent to

Defendant CEFCU taking over Valley Credit Union) with the credit reporting agencies

as follows:

       a.    In July 2010, Plaintiff disputed the misinformation with Transunion,

           which informed her that the misinformation "remains" on her credit

           report.

       b.    In July 2010, Plaintiff disputed the misinformation with Equifax,

           which informed her that the misinformation was "verified" by

           Defendant CEFCU.

       c.    In July 2010, Plaintiff disputed the misinformation with Experian,

           which informed her that the misinformation was "verified" by

Defendant CEFCU.

d.   In January 2012, Plaintiff disputed the misinformation with Transunion, which informed her that there was "new information" by Defendant CEFCU on three tradelines.

e.   In January 2012, Plaintiff disputed the misinformation with Equifax, which informed her that the misinformation "was verified to us" by Defendant CEFCU.

f.   In January 2012, Plaintiff disputed the misinformation with Experian, which informed her that the misinformation "remains", the misinformation was "updated", and the misinformation was "processed" for three additional tradelines.

g.   In August 2012, Plaintiff disputed the misinformation with Transunion, which informed her that there was "new information" by Defendant CEFCU on three tradelines.

h.   In August 2012, Plaintiff disputed the misinformation with Equifax, which informed her that "additional information has been provided" and that the misinformation was "verified" by Defendant CEFCU.

i.   In September 2012, Plaintiff disputed the misinformation with Transunion, which informed her that her dispute had been "previously investigated".

j.   In September 2012, Plaintiff disputed the misinformation with

12
**Second Amended Complaint**

Equifax, which informed her that the misinformation had been

"verified" by Defendant CEFCU.

k.   In September 2012, Plaintiff disputed the misinformation with

Experian, which informed her that her dispute had been "previously

investigated".

l.   In December 2012, Plaintiff disputed the misinformation with

Transunion, which informed her that there was "new information"

on two tradelines by Defendant CEFCU.

m.   In December 2012, Plaintiff disputed the misinformation with

Equifax, which informed her that the misinformation had been

"verified" by Defendant CEFCU.

n.   In December 2012, Plaintiff disputed the misinformation with

Experian, which informed her that the misinformation had been

"verified" by Defendant CEFCU and that the information "remains

unchanged from [their] processing of [Plaintiff's] July 2012

dispute".

o.   In January 2013, Plaintiff disputed the misinformation with

Transunion, which completely rejected her notice of dispute.

p.   In January 2013, Plaintiff disputed the misinformation with Equifax,

which informed her that the misinformation had been "verified to

us" by Defendant CEFCU.

q. In January 2013, Plaintiff disputed the misinformation with Experian, which informed her that the misinformation "remains unchanged"

r. In April 2013, Plaintiff disputed the misinformation with Transunion, which informed her that there was "new information" reported by Defendant CEFCU.

s. In April 2013, Plaintiff disputed the misinformation with Equifax, which informed her that they were "still processing" one tradeline by Defendant CEFCU and another "remains the same".

t. In April 2013, Plaintiff disputed the misinformation with Experian, which informed her that they were "still processing" the dispute.

37. Plaintiff is informed and believes that each of her disputes above to the credit reporting agencies resulted in each of the credit reporting agencies notifying Defendant CEFCU that the information they were reporting was being disputed and that they must conduct their own investigation into the accuracy of the information being reported, as such conduct would have been required to be taken by Defendants Experian, Equifax, and Transunion pursuant to 15 U.S.C. § 1681i(a)(2)(A)-(B) of the Federal FCRA and Calif. Civil Code § 1785.16(a) of the California CCRA, and also because Plaintiff was notified multiple times that Defendant CEFCU verified the information as accurate.

38. Plaintiff is further informed and believes that Defendants Experian,

14

**Second Amended Complaint**

Equifax, and Transunion failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in her many disputes, failed to employ and follow reasonable procedures to prevent such inaccurate reportings, and simply inquired of Defendant CEFCU if the information was accurate.

39.　At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to the furnisher of information to credit reporting agencies, pursuant to Calif. Civ. Code § 1785.25 of the California CCRA:

> (a) A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

40.　At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to the credit reporting agencies, pursuant to Calif. Civ. Code § 1785.16 of the California CCRA:

> (a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the

dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by consumers be in writing.

(b) In conducting that reinvestigation the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information. If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has determined that the consumer's dispute is frivolous or irrelevant. If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file.

41.    At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to the furnisher of information to credit reporting agencies, pursuant to 15 U.S.C. § 1681s-2(b):

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting

agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
    (i) modify that item of information;
    (ii) delete that item of information; or
    (iii) permanently block the reporting of that item of information.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USCS § 1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

42.    At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to the credit reporting agencies, pursuant to 15 U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the Federal FCRA:

(a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

**Second Amended Complaint**

(a)(5)(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting                          agency                          shall--
    (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results                    of                    the                    reinvestigation;                    and
    (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

## FIRST CAUSE OF ACTION
### (AGAINST DEFENDANT CEFCU ONLY)
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Calif. Civ. Code § 1785.25(a)

43.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as if fully stated herein.

44.    As the furnisher of information to credit reporting agencies, Defendant CEFCU is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRA.

45.    Because Defendant CEFCU has repeatedly misrepresented to three different credit reporting agencies every single month from February 2009 and on-going information pertaining to Plaintiff's 2009 short sale, Defendant CEFCU thereby violated its obligations under Calif. Civ. Code § 1785.25(a).

46.    The misinformation reported by Defendant CECFU includes false information such as: the home loans remained in default with an active balance, there

were 4 additional duplicate tradelines in Plaintiff's credit file, they failed to accurately state on Plaintiff's credit reports that Plaintiff had actually been released from these loans via "short sale" in February 2009, inaccurately reported the date of first delinquency, eventually began to report the accounts as being closed at a date much later than what they actually were closed, and failed to notate that Plaintiff disputed the inaccurate representations that her debt remained active.

47.     Defendant CEFU knew or should have known of the inaccurate reportings because Plaintiff disputed these inaccurate reportings on her credit reports in writing by sending emails to Defendant CEFCU's employee Hector Espinoza in February 2009, March 2009, and January 2012.

48.     Plaintiff is informed and believes that Defendant CEFCU also knew or should have known of the inaccurate reportings after being notified multiple times that Plaintiff had disputed the misreportings, as follows:

a.     In July 2010, Plaintiff disputed the misinformation with Transunion, which informed her that the misinformation "remains" on her credit report.

b.     In July 2010, Plaintiff disputed the misinformation with Equifax, which informed her that the misinformation was "verified" by Defendant CEFCU.

c.     In July 2010, Plaintiff disputed the misinformation with Experian, which informed her that the misinformation was "verified" by

19
**Second Amended Complaint**

Defendant CEFCU.

d.    In January 2012, Plaintiff disputed the misinformation with Transunion, which informed her that there was "new information" by Defendant CEFCU on three tradelines.

e.    In January 2012, Plaintiff disputed the misinformation with Equifax, which informed her that the misinformation "was verified to us" by Defendant CEFCU.

f..   In January 2012, Plaintiff disputed the misinformation with Experian, which informed her that the misinformation "remains", the misinformation was "updated", and the misinformation was "processed" for three additional tradelines.

g.    In August 2012, Plaintiff disputed the misinformation with Transunion, which informed her that there was "new information" by Defendant CEFCU on three tradelines.

h.    In August 2012, Plaintiff disputed the misinformation with Equifax, which informed her that "additional information has been provided" and that the misinformation was "verified" by Defendant CEFCU.

i.    In September 2012, Plaintiff disputed the misinformation with Transunion, which informed her that her dispute had been "previously investigated".

j.    In September 2012, Plaintiff disputed the misinformation with

20
**Second Amended Complaint**

Equifax, which informed her that the misinformation had been "verified" by Defendant CEFCU.

k.   In September 2012, Plaintiff disputed the misinformation with Experian, which informed her that her dispute had been "previously investigated".

l.   In December 2012, Plaintiff disputed the misinformation with Transunion, which informed her that there was "new information" on two tradelines by Defendant CEFCU.

m.   In December 2012, Plaintiff disputed the misinformation with Equifax, which informed her that the misinformation had been "verified" by Defendant CEFCU.

n.   In December 2012, Plaintiff disputed the misinformation with Experian, which informed her that the misinformation had been "verified" by Defendant CEFCU and that the information "remains unchanged from [their] processing of [Plaintiff's] July 2012 dispute".

o.   In January 2013, Plaintiff disputed the misinformation with Transunion, which completely rejected her notice of dispute.

p.   In January 2013, Plaintiff disputed the misinformation with Equifax, which informed her that the misinformation had been "verified to us" by Defendant CEFCU.

21
**Second Amended Complaint**

q.   In January 2013, Plaintiff disputed the misinformation with Experian, which informed her that the misinformation "remains unchanged"

r.   In April 2013, Plaintiff disputed the misinformation with Transunion, which informed her that there was "new information" reported by Defendant CEFCU.

s.   In April 2013, Plaintiff disputed the misinformation with Equifax, which informed her that they were "still processing" one tradeline by Defendant CEFCU and another "remains the same".

t.   In April 2013, Plaintiff disputed the misinformation with Experian, which informed her that they were "still processing" the dispute.

49.   Because of Defendant CEFCU's extremely egregious and outrageous conduct, Plaintiff has suffered significant economic injury because Plaintiff was denied employment with one company in September 2009 in part because of the information in her Experian credit report, denied employment with another company in December 2011 because she could not obtain licensing as an insurance agent since her credit reports appeared as if she was currently in default on the mortgage loan and not released from liability, and was denied pre-qualification for a home loan in January of 2013 based strictly on the inaccurate information furnished by Defendant to Plaintiff's credit report because Plaintiff's credit reports in January 2013 made it appear as if Plaintiff had not gone without a short-sale for the previous three years.

50.     This cause of action and its accompanying enforcement provisions in California Civil Code §§ 1788.25(g) and 1788.31 are NOT pre-empted by the Federal FCRA, as held in *Gorman v. Wolpoff & Abramson, LLP* (9th Cir. 2009) 584 F.3d 1147, 11.

## SECOND CAUSE OF ACTION
### (AGAINST DEFENDANT CEFCU ONLY)
### FEDERAL FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)

51.     Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

52.     As the furnisher of information to credit reporting agencies, Defendant CEFCU is and always was obligated to take the following steps upon receiving notice of a dispute by a credit reporting agency by 15 U.S.C. § 1681s-2(b)(1)(A)-(E) of the Federal FCRA:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting

agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

53.     Plaintiff is informed and believes that that Defendant CEFCU was notified multiple times that Plaintiff disputed the numerous misreportings, as follows:

   a.     In July 2010, Plaintiff disputed the misinformation with Transunion, which informed her that the misinformation "remains" on her credit report.

   b.     In July 2010, Plaintiff disputed the misinformation with Equifax, which informed her that the misinformation was "verified" by Defendant CEFCU.

   c.     In July 2010, Plaintiff disputed the misinformation with Experian, which informed her that the misinformation was "verified" by Defendant CEFCU.

   d.     In January 2012, Plaintiff disputed the misinformation with Transunion, which informed her that there was "new information" by Defendant CEFCU on three tradelines.

   e.     In January 2012, Plaintiff disputed the misinformation with Equifax, which informed her that the misinformation "was verified to us" by Defendant CEFCU.

f.  In January 2012, Plaintiff disputed the misinformation with Experian, which informed her that the misinformation "remains", the misinformation was "updated", and the misinformation was "processed" for three additional tradelines.

g.  In August 2012, Plaintiff disputed the misinformation with Transunion, which informed her that there was "new information" by Defendant CEFCU on three tradelines.

h.  In August 2012, Plaintiff disputed the misinformation with Equifax, which informed her that "additional information has been provided" and that the misinformation was "verified" by Defendant CEFCU.

i.  In September 2012, Plaintiff disputed the misinformation with Transunion, which informed her that her dispute had been "previously investigated".

j.  In September 2012, Plaintiff disputed the misinformation with Equifax, which informed her that the misinformation had been "verified" by Defendant CEFCU.

k.  In September 2012, Plaintiff disputed the misinformation with Experian, which informed her that her dispute had been "previously investigated".

l.  In December 2012, Plaintiff disputed the misinformation with Transunion, which informed her that there was "new information"

on two tradelines by Defendant CEFCU.

m.   In December 2012, Plaintiff disputed the misinformation with Equifax, which informed her that the misinformation had been "verified" by Defendant CEFCU.

n.   In December 2012, Plaintiff disputed the misinformation with Experian, which informed her that the misinformation had been "verified" by Defendant CEFCU and that the information "remains unchanged from [their] processing of [Plaintiff's] July 2012 dispute".

o.   In January 2013, Plaintiff disputed the misinformation with Transunion, which completely rejected her notice of dispute.

p.   In January 2013, Plaintiff disputed the misinformation with Equifax, which informed her that the misinformation had been "verified to us" by Defendant CEFCU.

q.   In January 2013, Plaintiff disputed the misinformation with Experian, which informed her that the misinformation "remains unchanged"

r.   In April 2013, Plaintiff disputed the misinformation with Transunion, which informed her that there was "new information" reported by Defendant CEFCU.

s.   In April 2013, Plaintiff disputed the misinformation with Equifax,

which informed her that they were "still processing" one tradeline by Defendant CEFCU and another "remains the same".

t.     In April 2013, Plaintiff disputed the misinformation with Experian, which informed her that they were "still processing" the dispute.

54.     Plaintiff is informed and believes that Defendant CEFCU repeatedly failed to conduct a reasonable investigation with respect to the disputed information, as required by subdivision (b)(1)(A), because a reasonable investigation would have clearly shown that Plaintiff was released from liability by way of short-sale in February 2009, yet Defendant CEFCU repeatedly claimed the misreportings to be accurate as stated above.

55.     Because of Defendant CEFCU's extremely egregious and outrageous conduct, Plaintiff has suffered significant economic injury because Plaintiff was denied employment with one company in September 2009 in part because of the information in her Experian credit report, denied employment with another company in December 2011 because she could not obtain licensing as an insurance agent since her credit reports appeared as if she was currently in default on the mortgage loan and not released from liability, and was denied pre-qualification for a home loan in January of 2013 based strictly on the inaccurate information furnished by Defendant to Plaintiff's credit report because Plaintiff's credit reports in January 2013 made it appear as if Plaintiff had not gone without a short-sale for the previous three years.

## THIRD CAUSE OF ACTION
### (AGAINST DEFENDANTS EXPERIAN, EQUIFAX, AND TRANSUNION ONLY)
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Calif. Civ. Code § 1785.16

56.     Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

57.     As the credit reporting agencies, Defendants Experian, Equifax, and Transunion have always been required to comply with California Civil Code § 1785.16(a)-(b) of the California CCRA, which requires the following:

(a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by consumers be in writing.

(b) In conducting that reinvestigation the consumer credit reporting agency shall review and consider all relevant information

submitted by the consumer with respect to the disputed item of information. If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has determined that the consumer's dispute is frivolous or irrelevant. If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file.

58.    Plaintiff is informed and believes that Defendant Experian violated California Civil Code § 1785.16(a)-(b) of the California CCRA after she lodged multiple disputes with them in July 2010, January 2012, August 2012, September 2012, December 2012, January 2013, and April 2013 by failing to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in her dispute, failed to employ and follow reasonable procedures to prevent such inaccurate reportings, simply inquired of Defendant CEFCU if the information was accurate, and merely provided Plaintiff with the response that they received from Defendant CEFCU and nothing more.

59.    Plaintiff is informed and believes that Defendant Equifax violated California Civil Code § 1785.16(a)-(b) of the California CCRA after she lodged multiple disputes with them in July 2010, January 2012, August 2012, September 2012,

December 2012, January 2013, and April 2013 by failing to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in her dispute, failed to employ and follow reasonable procedures to prevent such inaccurate reportings, simply inquired of Defendant CEFCU if the information was accurate, and merely provided Plaintiff with the response that they received from Defendant CEFCU and nothing more.

60. Plaintiff is informed and believes that Defendant Transunion violated California Civil Code § 1785.16(a)-(b) of the California CCRA after she lodged multiple disputes with them in July 2010, January 2012, August 2012, September 2012, December 2012, January 2013, and April 2013 by failing to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in her dispute, failed to employ and follow reasonable procedures to prevent such inaccurate reportings, simply inquired of Defendant CEFCU if the information was accurate, and merely provided Plaintiff with the response that they received from Defendant CEFCU and nothing more.

61. Because of these Defendants' extremely egregious and outrageous conduct, Plaintiff has suffered significant economic injury because Plaintiff was denied employment with one company in September 2009 in part because of the information in her Experian credit report, denied employment with another company in December

2011 because she could not obtain licensing as an insurance agent since her credit reports appeared as if she was currently in default on the mortgage loan and not released from liability, and was denied pre-qualification for a home loan in January of 2013 based strictly because Plaintiff's credit reports in January 2013 made it appear as if Plaintiff had not gone without a short-sale for the previous three years.

## FOURTH CAUSE OF ACTION
### (AGAINST DEFENDANTS EXPERIAN, EQUIFAX, AND TRANSUNION ONLY)
### FEDERAL FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A)

62.    Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

63.    As the credit reporting agencies, Defendants Experian, Equifax, and Transunion have always been required to comply with 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A) of the Federal FCRA, which requires the following:

> (a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

> (a)(5)(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be

verified,      the      consumer      reporting      agency      shall--
    (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based     on     the     results     of     the     reinvestigation;     and
    (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

64.    Plaintiff is informed and believes that Defendant Equifax violated 15 U.S.C. §§ 1681(a)(1)(A) & (a)(5)(A) of the Federal FCRA after she lodged multiple disputes with them in July 2010, January 2012, August 2012, September 2012, December 2012, January 2013, and April 2013 by failing to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in her dispute, failed to employ and follow reasonable procedures to prevent such inaccurate reportings, simply inquired of Defendant CEFCU if the information was accurate, and merely provided Plaintiff with the response that they received from Defendant CEFCU and nothing more.

65.    Plaintiff is informed and believes that Defendant Experian violated 15 U.S.C. §§ 1681(a)(1)(A) & (a)(5)(A) of the Federal FCRA after she lodged multiple disputes with them in July 2010, January 2012, August 2012, September 2012, December 2012, January 2013, and April 2013 by failing to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in her dispute, failed to employ and follow reasonable procedures to prevent

**Second Amended Complaint**

such inaccurate reportings, simply inquired of Defendant CEFCU if the information was accurate, and merely provided Plaintiff with the response that they received from Defendant CEFCU and nothing more.

66.     Plaintiff is informed and believes that Defendant Transunion violated 15 U.S.C. §§ 1681(a)(1)(A) & (a)(5)(A) of the Federal FCRA after she lodged multiple disputes with them in July 2010, January 2012, August 2012, September 2012, December 2012, January 2013, and April 2013 by failing to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in her dispute, failed to employ and follow reasonable procedures to prevent such inaccurate reportings, simply inquired of Defendant CEFCU if the information was accurate, and merely provided Plaintiff with the response that they received from Defendant CEFCU and nothing more.

67.     Because of these Defendants' extremely egregious and outrageous conduct, Plaintiff has suffered significant economic injury because Plaintiff was denied employment with one company in September 2009 in part because of the information in her Experian credit report, denied employment with another company in December 2011 because she could not obtain licensing as an insurance agent since her credit reports appeared as if she was currently in default on the mortgage loan and not released from liability, and was denied pre-qualification for a home loan in January of 2013 based strictly because Plaintiff's credit reports in January 2013 made it appear as

if Plaintiff had not gone without a short-sale for the previous three years.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against all Defendants, and Plaintiff be awarded damages from Defendants, as follows:

**As to the First Cause of Action Against Defendant CEFCU Only:**

68.   Actual damages, as will be proven at trial for Defendant CEFCU's negligent violations of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(1);

69.   Any actual damages as will be proven at trial, plus punitive damages of $100-$5,000 for every willful violation of Calif. Civ. Code § 1785.25(a) by Defendant CEFCU, pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);

70.   Injunctive relief to prohibit Defendant CEFCU from engaging in future violations of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(b);

71.   Any reasonable attorney's fees and costs to maintain the instant action, pursuant to Calif. Civ. Code § 1785.31(d).

**As to the Second Cause of Action against Defendant CEFCU Only:**

72.   Actual damages or statutory damages of $100-$1,000, as will be proven at trial, for Defendant CEFCU's willful violations of the Federal Fair Credit Reporting Act, pursuant to 15 U.S.C. § 1681n(a)(1);

73.   Such punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2) for Defendant CEFCU's many egregious and outrageous violations of the

Federal Fair Credit Reporting Act;

74.    Actual damages, as will be proven at trial for Defendant's negligent violations of the Federal Fair Credit Reporting Act, pursuant to 15 U.S.C. § 1681o(a)(1);

75.    Injunctive relief to prohibit Defendant from engaging in future violations;

76.    Any reasonable attorney's fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

**As to the Third Cause of Action against Defendants Experian, Equifax, and Transunion Only:**

77.    Actual damages, as will be proven at trial for Defendants' negligent violations of Calif. Civ. Code § 1785.16, pursuant to Calif. Civ. Code § 1785.31(a)(1);

78.    Any actual damages as will be proven at trial, plus punitive damages of $100-$5,000 for every willful violation of Calif. Civ. Code § 1785.16 by Defendants, pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);

79.    Injunctive relief to prohibit Defendants from engaging in future violations of Calif. Civ. Code § 1785.16, pursuant to Calif. Civ. Code § 1785.31(b);

80.    Any reasonable attorney's fees and costs to maintain the instant action, pursuant to Calif. Civ. Code § 1785.31(d).

//

//

//

**As to the Fourth Cause of Action against Defendants Experian, Equifax, and Transunion Only:**

81.   Actual damages or statutory damages of $100-$1,000, as will be proven at trial, for Defendants' willful violations of the Federal Fair Credit Reporting Act, pursuant to 15 U.S.C. § 1681n(a)(1);

82.   Such punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2) for Defendants' violations of the Federal Fair Credit Reporting Act;

83.   Actual damages, as will be proven at trial for Defendants' negligent violations of the Federal Fair Credit Reporting Act, pursuant to 15 U.S.C. § 1681o(a)(1);

84.   Injunctive relief to prohibit Defendants from engaging in future violations;

85.   Any reasonable attorney's fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).


DATED: 9/19/2013

_____
BABAK SEMNAR, ESQ.
Attorney for Plaintiff,

**Second Amended Complaint**

1

**TRIAL BY JURY**

2          86.     Pursuant to the Seventh Amendment to the Constitution of the United

3    States of America, Plaintiff is entitled to, and demands, a trial by jury.

4

5    DATED: 9/19/2013

6                                        _____
                                         BABAK SEMNAR, ESQ.
7                                        Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

To:   Page 5 of 44              2013-00-19 23:54:45 (GMT)            13848106330   From: Babak Bob Semnar

10-23-13

11:20

# SUMMONS
## (CITATION JUDICIAL)



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Additional Parties Attachment Form is Attached"

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARY K. GREENLEE

FILED
*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 03 2013

L. FULBAAS

SUM-100

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:     SUPERIOR COURT OF CALIFORNIA
*(El nombre y dirección de la corte es):*  County of Riverside
                                           SOUTHWEST JUSTICE CENTER
4050 Main Street                           30755-D Auld Road, Suite 1226
Riverside, California 92501                Murrieta, CA 92563

| CASE NUMBER: *(Número del Caso):* |
|---|
| MCC 1300334 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Babak Semnar Esq, SEMNAR LAW FIRM, INC. 400 S. Melrose Drive, #209, Vista, Ca 92081, 951-293-4187

DATE:     10/3/13              Clerk, by     X. Fulbaas          , Deputy
*(Fecha):*                     *(Secretario):*                     *(Adjunto):*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Experian Information Solutions Inc.

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE:<br>Greenlee v CEFCU | CASE NUMBER:<br>MCC 1300334 |
|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

CEFCU, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS, INC., an incorporated entity; EQUIFAX, INC., an incorporated entity; TRANSUNION INTERACTIVE, INC., an incorporated entity; and DOES 1 through 100, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

To: Page 5 of 14          2013-09-19 22:34:45 (GMT)          16888198230    From: Babak Bob Semnar

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Additional Parties Attachment Form is Attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARY K. GREENLEE,



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 08 2013

L. FULSAAS

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: County of Riverside<br>*(El nombre y dirección de la corte es):* Riverside Superior Court<br>SOUTHWEST JUSTICE CENTER<br>4050 Main Street<br>Riverside, California 92501   30755-D Auld Road, **Suite 1226**<br>Murrieta, CA 92563 | **CASE NUMBER:**<br>*(Número del Caso):*<br>MCC 1300334 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Babak Semnar Esq. SEMNAR LAW FIRM, INC. 400 S. Melrose Drive, #209, Vista, Ca 92081, 951-293-4187

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)*   10/3/13 | Clerk, by<br>*(Secretario)*   D. Fulsaas | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Trans Union Interactive Inc
    under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

[SEAL]

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Greenlee v CEFCU | MCC 1300334 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

CEFCU, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS, INC., an incorporated entity; EQUIFAX, INC., an incorporated entity; TRANSUNION INTERACTIVE, INC., an incorporated entity; and DOES 1 through 100, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

# EXHIBIT C

1  Eric A. Schneider (State Bar No. 94574)
   eas@amclaw.com
2  Vanessa S. Davila (State Bar No. 192710)
   vsd@amclaw.com
3  Anderson McPharlin & Conners LLP
   444 South Flower Street, 31st Floor
4  Los Angeles, CA 90071-291
   Telephone - 213-688-0080
5  Facsimile - 213-622-7594
6
7  Attorneys for Defendant CEFCU
   (Citizen's Equity First Credit Union)

8

9              UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA –EASTERN DIVISION

11   MARY K. GREENLEE,                    Case No. _____

12              Plaintiff,

13        vs.

14                                        DEFENDANT CEFCU'S
     CITIZENS EQUITY FIRST CREDIT         (Citizen's Equity First Credit Union)
15   UNION (CEFCU),                       **JOINDER AND CONSENT**
     EXPERIAN INFORMATION                 **TO REMOVAL OF ACTION**
16   SOLUTIONS, INC.,
     EQUIFAX INC., and
17   TRANSUNION INTERACTIVE, INC.,
     and
18   DOES 1 through 100, inclusive,

19              Defendants.

20

21

22        Without waiving any other defenses, Defendant CEFCU (Citizen's Equity

23   First Credit Union), hereby joins in and consents to the removal of this action from

24   the Superior Court of the State of California, Riverside County, to this Court.

25        CEFCU (Citizen's Equity First Credit Union) was a Defendant in Plaintiff's

26   Original and First Amended Complaints, and was again named and received a copy

27   of the Plaintiff's Second Amended Complaint, the pleading setting forth the

28

                              - 1 -

5438085.1/SP/83057/1587/111313

1  Plaintiff's current pending claims for relief upon which this action is based, through

2  mailing on September 19, 2013.

3

4  DATED:  November **15**, 2013      ANDERSON MCPHARLIN & CONNERS LLP

5

6                                      By:  _____

7                                           Eric A. Schneider,
                                            Vanessa S. Davila
8

9                                      Attorneys for Defendant CEFCU
                                       (Citizen's Equity First Credit Union),
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

1  Corey H. Boyd (SBN 281025)
2  chboyd@jonesday.com
   JONES DAY
3  3161 Michelson Drive
   Suite 800
4  Irvine, CA 92612.4408
5  Telephone: 949.851.3939
   Facsimile: 949.553.7539
6
7  Attorney for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.
8
9
10              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
11
12  MARY K. GREENLEE,                    CASE NO.
13          Plaintiff,
14  v.
15  CEFCU, a business entity, form       **JOINDER AND CONSENT TO**
16  unknown; EXPERIAN                    **REMOVAL OF DEFENDANT**
    INFORMATION SOLUTIONS, INC.,         **EXPERIAN INFORMATION**
17  an incorporated entity; EQUIFAX,     **SOLUTIONS, INC.**
    INC., an incorporated entity;
18  TRANSUNION INTERACTIVE, INC.,
19  an incorporated entity; and DOES 1
    through 100, inclusive,
20
21          Defendants.
22
23          Without waiving any other defenses, Experian Information Solutions, Inc.
24  ("Experian") hereby joins in and consent to the removal of this action from the
25
26  Superior Court for the State of California, for the County of Riverside, to this Court.
27
28                              1
    JOINDER AND CONSENT TO REMOVAL FOR EXPERIAN INFORMATION SOLUTIONS, INC.
IRI-57345v1

1    Experian first received a copy of Plaintiff's Complaint on October 28, 2013, the

2  pleading setting forth the claim for relief upon which this action is based.

3

4  DATED:  November 14, 2013            Respectfully submitted,

5

6                                      JONES DAY

7

8                                  By:  /s/ Corey H. Boyd

9                                       Corey H. Boyd

10                                      Attorney for Defendant
11                                      Experian Information Solutions, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINDER AND CONSENT TO REMOVAL FOR EXPERIAN INFORMATION SOLUTIONS, INC.
IRI-57345v1

1
2
3

**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE: 714- 668-2400
FACSIMILE: 714- 668-2490

4
5
6

Donald E. Bradley (State Bar No. 145037)
  d.bradley@mpglaw.com

Attorney for Defendant Trans Union LLC
(Incorrectly named TransUnion Interactive, Inc.)

7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

11
12
13
14
15
16
17
18
19

MARY K. GREENLEE,
            Plaintiff,

    v.

CITIZENS EQUITY FIRST CREDIT
UNION (CEFCU),
EXPERIAN INFORMATION
SOLUTIONS, INC.,
EQUIFAX INC., and
TRANSUNION INTERACTIVE, INC.,
and
DOES 1 through 100, inclusive,
            Defendants.

Case No. _____

**DEFENDANT TRANS UNION LLC'S
JOINDER AND CONSENT
TO REMOVAL OF ACTION**

20
21
22
23
24
25
26
27
28

        Without waiving any other defenses, Defendant Trans Union LLC, incorrectly named TransUnion Interactive, Inc., hereby joins in and consents to the removal of this action from the Superior Court of the State of California, Riverside County, to this Court.

        Trans Union LLC, incorrectly named TransUnion Interactive, Inc., received a copy of the Second Amended Complaint, the pleading wherein it was added to

DEFENDANT TRANS UNION LLC'S JOINDER AND CONSENT TO REMOVAL OF ACTION
- 1 -

5442340.1/SP/83057/1587/111413

1 | this suit as a named defendant and setting forth the Plaintiff's current pending
2 | claims for relief upon which this action is based, on October 17, 2013.
3 |
4 | DATED: November 14, 2013     MUSICK, PEELER & GARRETT LLP
5 |
6 |                                          By: _____
7 |                                               Donald E. Bradley
8 |                                          Attorney for Defendant Trans Union LLC
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

5442340.1/SP/83057/1587/111413

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Mary K. Greenlee | CEFCU; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX, INC.; TRANS UNION INTERACTIVE, INC.; |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) |
|---|---|
| Babak Semnar-951-293-4187<br>Semnar Law Firm, Inc.<br>400 S. Melrose Dr., Suite 209<br>Vista, CA 92081 | Thomas P. Quinn, Jr. Bar No. 132268, Nokes & Quinn, APC<br>410 Broadway, Suite 200, Laguna Beach, CA 92651<br>Tel: 949-376-3055; Fax: 949-376-3070<br>tquinn@nokesquinn.com |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. section 1681, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: ED CV 13 - 02115

CV-71 (09/13) | CIVIL COVER SHEET | Page 1 of 3

NOV 19 2013

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes  [ ] No | [ ] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [X] Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| [ ] Yes  [X] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |

**C.1. Is either of the following true? If so, check the one that applies:**

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

[X] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?     ☒ NO     ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?     ☒ NO     ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)     ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**  /s/ Thomas P. Quinn, Jr. _____        DATE:  November 15, 2013 _____

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Virginia A. Phillips_____ and the assigned Magistrate Judge is _____Sheri Pym_____ .

The case number on all documents filed with the Court should read as follows:

### EDCV13-02115 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____November 19, 2013_____
Date

By __L. Murray__
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| ☐ Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | ☐ Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | ☒ Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**